**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MILLSAP & SINGER, P.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-01151-MTS |
| | ) | |
| MICHAEL W. DUKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before this Court is Plaintiff's Application for Service by Publication. Doc. [14]. Because the Motion does not fully comply with Missouri's Rules of Civil Procedure, the Court will deny the Motion without prejudice.

Plaintiff has attempted to serve Defendant Scott E. Karfeld* but has been unable to do so. Doc. [14] ¶¶ 4–6. Therefore, Plaintiff seeks to serve Karfeld by publication. *Id.* at 3. Federal Rule of Civil Procedure 4(e)(1) authorizes service via "any state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

In Missouri, Mo. Rev. Stat. § 506.160(1) permits service by publication in "all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court." *Accord* Mo. R. Civ. P. 54.12(a), (c) (authorizing service by publication "in civil actions affecting a fund, will, trust, estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court"). However, Missouri

* Plaintiff states that Scott Karfeld is also known as Scott Karfield.

Rule of Civil Procedure 54.12(c) requires that any service by publication can only issue when "the party desiring service by publication files a statement verified by the party . . . stating . . . [t]he last known address of the party to be served or in lieu thereof a statement that said address is unknown." Mo. R. Civ. P. 54.12(c)(2)(B). This requirement is to be strictly construed. *See Ridgetop Manor, LLC v. White*, 717 S.W.3d 818, 828 (Mo. Ct. App. 2025).

Here, Plaintiff's Motion contains a Certificate of Service with addresses for Defendants Scott Karfeld, Doc. [14] at 4, but it contains no *verified* statement by Plaintiff of Karfeld's last known address. Thus, "[w]hile the information that would have been contained in the affidavit may be found elsewhere in the record, strict compliance with the law regarding service of process is compulsory." *See Rodriguez v. Rodriguez*, 975 S.W.2d 485, 489 (Mo. Ct. App. 1998). Therefore, the Court will deny Plaintiff's Motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Service by Publication, Doc. [14], is **DENIED** without prejudice.

Dated this 17th day of November 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE